E-FILED
Tuesday, 01 September, 2009 04:11:13 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CHARLES HOBBS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-1109 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### ORDER

Before the Court is Petitioner Charles Hobbs' ("Hobbs") Motion for Certificate of Appealability from the denial of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court DENIES Hobbs' Motion [#18].

### BACKGROUND

In a June 16, 2009, Order, this Court denied Hobbs' Petition for Writ of Habeas Corpus. Hobbs had alleged that his attorney provided ineffective assistance because his attorney neither interviewed two witnesses nor subpoenaed them for the suppression hearing which was conducted. Hobbs maintained that had these interviews occurred, they would have established that the police lacked probable cause to arrest him.

In denying his Petition, the Court found that Hobbs failed to satisfy both prongs of the *Strickland* test. First, the Court found that defense counsel's decision to litigate the motion with cross-examination of the government's witnesses rather than call defense witnesses to be a reasonable strategic choice. Second, Hobbs failed to demonstrate

that had these witnesses been interviewed, there would have been a different result.  In addition, the Court found that the police had an independent basis (separate and apart from these two witnesses) for probable cause, i.e. his suspended license, and this alternative basis for probable cause was affirmed by the Court of Appeals for the Seventh Circuit. *United States v. Hobbs,* 509 F.3d 353 (7th Cir. 2007).

In a July 6, 2009, Order, the Court denied his Motion to Reconsider, finding that Hobbs' arguments had no merit.  First, the Court found that defense counsel's decision to litigate the motion with cross-examination of the government's witnesses rather than call defense witnesses was a reasonable strategic choice.  Second, the Court concluded that Hobbs failed to demonstrate that had these witnesses been interviewed, there would have been a different result, even if, as Hobbs alleges, Contina Gray never made a statement to the police.  Third, regardless of whether the police officer listed Hobbs' suspended license in his police report, this Court found the officer's testimony regarding his belief that Hobbs was driving on a suspended license to be credible and the Court of Appeals for the Seventh Circuit affirmed this Court's finding.  Hobbs' suspended license was an independent basis for probable cause, so even if his attorney should have interviewed these two witnesses (and the Court had found that his attorney made a reasonable strategic choice in choosing not to), there was still probable cause to arrest him.

Hobbs now moves this Court for a certificate of appealability, contending that he had made the requisite showing of the denial of a constitutional right.  He asks that a certificate of appealability be issued for the following aspects of the Court's judgment:

2

(1) Whether Counsel rendered ineffective assistance by failing to subpoena and interview crucial witnesses relevant to the suppression hearing conducted in this matter;

(2) Whether the Court's treatment of Mr. Hobbs' § 2255 discovery requests was debatable amongst jurists of reason and could have been resolved differently;

(3) Whether Counsel committed ineffective assistance by neglecting to ensure that the police's allegations regarding the statements of Contina Gray were truthful;

(4) Whether perjury and fabrication by law enforcement witnesses affected the integrity of the suppression hearing and constituted a violation of Mr. Hobbs' due process rights.

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 now requires the issuance of a certificate of appealability prior to obtaining appellate review. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right. The certificate must specify what issue(s) merit appellate review.

In denying Hobbs' § 2255 motion, the Court found that Hobbs failed to satisfy both prongs of the *Strickland* test, finding that defense counsel's decision to litigate the motion with cross-examination of the government's witnesses rather than call defense witnesses to be a reasonable strategic choice and that Hobbs failed to demonstrate that had these witnesses been interviewed, there would have been a different result. In addition, the Court found that the police had an independent basis (separate and apart

from these two witnesses) for probable cause, i.e. his suspended license, and this alternative basis for probable cause was affirmed by the Court of Appeals for the Seventh Circuit. *United States v. Hobbs,* 509 F.3d 353 (7th Cir. 2007).

In considering whether a certificate of appealability should issue, the Court cannot find that Hobbs has made a substantial showing of the denial of a constitutional right, as no claims raised before this Court came close to presenting issues debatable among jurists of reason under the present state of the law.  Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a certificate of appealability for Hobbs' § 2255 Motion.  Accordingly, his Motion for Certificate of Appealability [#18] is DENIED.

ENTERED this 1st day of September, 2009.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge